# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ELIZABETH THOMAS,<br><br>　　　　　Debtor. | Bankruptcy Case<br><br>Case No. 25-11431-pb-13 |
| ELIZABETH THOMAS<br><br>　　　　　Appellant,<br><br>v.<br><br>P.C.F. PROPERTIES IN TX, LLC,<br><br>　　　　　Appellee. | Case No. 1:25-cv-08932-JPO |

## EMERGENCY MOTION TO DISMISS INTERLOCUTORY APPEAL

Appellee P.C.F. Properties in TX, LLC ("P.C.F."), by and through its undersigned counsel, hereby moves to dismiss the instant appeal filed by Debtor Elizabeth Thomas ("Appellant") and, in support hereof, avers as follows:

1. Not one, but two, separate Bankruptcy Court judges have found that Appellant is engaged in a fraudulent scheme related to residential real property located in Texas (the "Texas Property"). *See* **Ex. A** and **Ex. B** hereto.

2. Appellant's current Chapter 13 in this District is in furtherance of that fraudulent scheme.

3. Creditor challenged Appellant's Chapter 13 Plan (the "Plan") asserting that it was filed in bad faith and that the United States Bankruptcy Court for the Southern District of New

York did not have jurisdiction over the bankruptcy because Appellant does not reside in this District nor did she at the time the bankruptcy case was filed.

4. Following a hearing on Creditor's objection, the Bankruptcy Court issued an order on October 17, 2025 [Bankr. D.I. 41] (the "Scheduling Order") permitting discovery into the issues of venue and bad faith and scheduling an evidentiary hearing sometime during the week of December 8, 2025 or December 15, 2025.

5. Fearing what discovery will uncover, Appellant filed the instant appeal of the Scheduling Order. [D.I. 1.] Appellant has already been partially successful, as unless this Motion is quickly granted, Appellant will have successfully delayed both discovery and an evidentiary hearing into here fraudulent scheme. If there is too much delay, a new scheduling order will need to be issued, and Appellant will merely appeal that order, as well, causing continual delay.

6. The Scheduling Order is an interlocutory order and, as such, this appeal should be immediately dismissed for failing to comply with Rule 8004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because Appellant did not first seek leave in the Bankruptcy Court to file this interlocutory appeal. To the extent this Court treats the interlocutory appeal itself as a motion for leave, the motion should be denied because Appellant cannot meet the high standard required to appeal procedural orders such as the Scheduling Order

7. Federal district courts have appellate jurisdiction only over "final judgments, orders, and decrees" of the Bankruptcy Court or, alternatively, from interlocutory orders and decrees "with leave of the court" in certain limited circumstances. 28 U.S.C. § 158(a). In general, "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing Bullard v. Blue Hills Bank, 575 U.S. 496, 501 (2015)).

8. A bankruptcy court's determinations in a procedural order are "not final, because they direct the parties to engage in or participate in further proceedings and do not resolve any substantive issue." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659-60 (S.D.N.Y. 2005) ((holding that an order that "direct[s] the parties to engage in or participate in further proceedings and do[es] not resolve any substantive issue" is not final). *See also In re Lehman Bros. Holdings Inc.*, 2011 WL 5103346, at *3 (S.D.N.Y. Oct. 26, 2011) (finding that the order is "wholly procedure" and "nowhere obligat[es] any party to settle its claims").

9. Bankruptcy Rule 8004(a)(2) requires that, to appeal a bankruptcy court's interlocutory order, leave must first be sought from the bankruptcy court. Bankruptcy Rule 8004(b) states the content that must be included in the motion for leave to appeal. Failure to file a motion for leave to appeal in the Bankruptcy Court can lead to dismissal of the appeal. See, e.g. *In re Purdue Pharma L.P.,* 2025 WL 2243375, at * (Aug. 6, 2025) (dismissing interlocutory appeal for failing to first seek leave in bankruptcy court pursuant to Rule 8004(a)).

10. Rule 8004(d), however, gives the District Court discretion to either (1) treat the timely filed appeal as motion for leave to appeal and grant or deny it; or (2) order appellant to file a motion for leave to appeal within 14 days after the order has been entered—unless the order provides otherwise." Bankruptcy Rule 8004(d).

11. In exercising that discretion, the Court looks for guidance to 28 U.S.C. § 1292(b), which states that courts have granted leave to appeal an interlocutory order where the order (1) "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," *and* (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Credit One Fin. v. Anderson (In re Anderson)*, 550 B.R. 228, 234 (S.D.N.Y. 2016).

12. Interlocutory appeals from discovery orders are generally disfavored. *See Fairfield Sentry Ltd. v. HSBC Securities Services (Luxembourg) S.A.*, 2022 WL 3910679, at * (S.D.N.Y. Aug. 30, 2022). This presumption can be overcome either by satisfaction of the 28 U.S.C. § 1292(b) factors, "a showing of persistent disregard of the Rules of Civil Procedure," or a showing of "manifest abuse of discretion." *Xerox Corp. v. SCM Corp.*, 534 F.2d 1031, 1031-32 (2d Cir. 1976); *Cohen v. City of New York*, 2007 WL 2789272, at *7 (S.D.N.Y. Sept. 25, 2007) (same).

13. Here, Appellant cannot make the required showing and the appeal should be dismissed. The Bankruptcy Court, faced with issues regarding Appellant's residence and venue, as well as evidence concerning whether Appellant's plan was proposed in good faith, merely ordered discovery into those issues and scheduled an evidentiary hearing. There is no abuse of the Rules of Civil Procedure nor any manifest abuse of discretion.

14. Indeed, Appellant has, to date, refused to provide evidence that she resides in this District and has recently amended her petition and schedules of assets and liabilities in response to P.C.F.'s objection in which she admits that she does not have an interest in the Property nor does she reside at the address listed on the original petition. *See* Bankr. D.I. 45, 46.[1]

15. P.C.F. has served Appellant with requests for production of documents and a notice of deposition. [Bankr. D.I. 41, 43].[2]

16. This appeal is nothing more than Appellant's attempt to escape the upcoming discovery and the facts it is likely to uncover and should immediately be dismissed to allow discovery into Appellant's fraudulent scheme to continue in the Bankruptcy Court.

---

[1] Instead, Thomas alleges that she resides at 4 Pennsylvania Plaza, New York, NY 10001, which is the same address as Madison Square Garden.

[2] Appellant, who is asserting that P.C.F. does not exist, *see* D.I. 5, also has the opportunity to take discovery as well pursuant to the Scheduling Order and adduce evidence of the same. Appellant knows she cannot, as P.C.F. is a legal entity. *See* **Exhibit C**.

          Respectfully submitted,

Dated: November 5, 2025    **ARMSTRONG TEASDALE LLP**

          */s/ Andrew Lolli*
          Andrew Lolli
          400 Park Ave., 12th Floor
          New York, NY 10022
          Telephone: (212) 209-4400
          Email: alolli@atllp.com

          *Attorneys for P.C.F. Properties in TX, LLC*