EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § | OUT OF DISTRICT DEBTOR |
| ELIZABETH THOMAS, | | |
| Debtor. | | |
| ERNESTO SIMPSON, | § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | ADVERSARY NO. 25-3609 |
| P.C.F. PROPERTIES IN TX, LLC[1], | | |
| Defendant. | | |

**ORDER HOLDING TWO INDIVIDUALS IN CIVIL CONTEMPT
AND DIRECTING THAT THEY BE BROUGHT BEFORE THE COURT**

James Anderson and Ernesto Simpon are each held in civil contempt of Court for two related, but independent, reasons. The Court's reasons were stated on the record on August 7, 2025. The following is a supplementation of the reasons for the civil contempt findings.

**Civil Contempt No. 1
(Fraud on Court)**

On this date, the Court heard extensive evidence with respect to a fraud currently being perpetrated on this Court. The Court finds:

1. The legal owner of the property located at 8202 Terra Valley Lane, Tomball, Texas 77375 is P.C.F. Properties in TX, LLC (the "True Owner"). *See* ECF 7-4.[2]

2. Attorney James Anderson, acting in concert with Elizabeth Thomas and Attorney Alzadia Spires, coordinated the creation of a Colorado LLC named "PCF Properties in Texas LLC" (the "Fraudulent Owner"). Antony Halaris, *Testimony*, Aug. 7, 2025.

3. The purpose of the creation of the Fraudulent Owner was to defraud various courts into issuing orders that would interfere with the True Owner's rights as an owner. Although

---

[1] The Plaintiff alleges that the proper defendant is a Colorado entity bearing a similar name. The true defendant is the defendant listed in the style of the case. The Court orders that all filings in this case now reflect the name of the true defendant-in-fact, "P.C.F. Properties in TX, LLC."

[2] All of the exhibits filed at ECF No. 7 have been admitted into evidence.

there have been several attempts to interfere with the True Owner's rights (including an illegal break-in at the property), the culmination before this Court was a lawsuit originally filed in state court by James Anderson on behalf of Ernesto Simpon. *See* ECF 7-5. In that lawsuit, Mr. Simpson alleges that he is a tenant at the property who is being wrongfully evicted by the Fraudulent Owner. *Id.*

4. The Fraudulent Owner was represented by attorney Alzadia Spires. Attorney Spires (acting for the Fraudulent Owner) and Attorney Anderson (acting for Simpson) then were able to enter into an "Agreed Temporary Injunction" barring the eviction of Mr. Simpson and giving him full access to the Terra Valley Lane Property. *See* ECF 7-6. The state court signed that order in *Simpson v. PCF Properties in Texas LLC*, No. 1249845 (Harris Co. Ct. at Law No. 2, Tex. Aug. 4, 2025) [hereinafter County Court Case]. *Id.*

5. Their next conduct was to enter into a state law Rule 11 Agreement that provides for certain payments and an Agreed Permanent Injunction. *See* ECF 7-7. The Agreed Final Judgment and Permanent Injunction was signed by Attorney Anderson and Attorney Spires, and entered by the state court. *See* ECF 7-8.

6. A few days later, the Agreed Final Judgment and Permanent Injunction was presented to The Harris County Constable's Office to justify the unlawful entry by Elizabeth Thomas, her son Robert Thomas, and her attorney James Anderson into the property. *See* ECF 7-9 for police report.

7. The True Owner first became aware of the Fraudulent Owner's fraud as a consequence of the break-in. The True Owner sought and obtained a hearing to vacate the various fraudulently obtained documents and to impose sanctions against those perpetrating the fraud. *See* ECF 7-10.

8. On the eve of the hearing to vacate the fraudulently obtained orders and to impose sanctions, the County Court Case was removed to this Court. The removal was by Ernesto Simpson, signed by his attorney James Anderson. *See* ECF Nos. 1-2.

9. Upon removal to this Court, Ernesto Simpson and Attorney James Anderson perpetuated the fraud by making false allegations to this Court. *See* ECF No. 4 (alleging that Simpson holds a valid lease to the property, and was awarded a judgment for quiet title and possession of the property and that the dispute was settled in state court.); ECF No. 8 (alleging that "*Plaintiff Ernesto Simpson as a tenant holds a valid lease agreement for the property located at 8202 Terra Valley Lane, Tomball Tx 77375, (the "Property") and on April 25, 2025, sued Defendant PCF Properties in Texas LLC, whom on April 19, 2023, was awarded judgment for quiet title and possession of same said property for an illegal eviction. On May 8, 2025, the Plaintiff and Defendant reached a settlement agreement (the "Judgment") in the case styled as Ernesto Simpson vs. PCF Properties in Texas LLC, County Court at Law (2) Harris County, Texas case No. 1249845 that was approved by the Court and the case was dismissed*

*with prejudice*", while never disclosing the use of the fake name by the Fraudulent Owner).

10. After notice and hearing, the Court finds that the foregoing conduct was done in contempt of this Court.

11. The Court reserves the question of whether sanctions or other awards should be made against any person or entity for this fraudulent conduct. To ameliorate any future damages from the "fraud on the Court" civil contempt, Ernesto Simpson and James Anderson must sign and date the document attached as Exhibit "A" and file the signed and dated document with the Court. The "fraud on the Court" civil contempt will not be cured until both signatures have been filed with the Court. If Exhibit "A" is modified in any way before or after it is filed, it will not cure the ongoing "fraud on the Court" civil contempt.

### Civil Contempt No. 2
### (Failure to Appear)

12. On August 5, 2025, this Court ordered that Ernesto Simpson and James Anderson appear before the Court. ECF No. 6.

13. Mr. Simpson acknowledged receipt of the Order. *See* ECF Nos. 10,15.

14. Mr. Anderson acknowledged receipt of the Order. *See* ECF Nos. 12,16.

15. Although motions to continue the hearing were filed by both Mr. Simpson and Mr. Anderson, the motions were denied. *See* ECF Nos. 11,17.

16. Neither Mr. Anderson nor Mr. Simpson appeared as ordered.

17. Mr. Anderson and Mr. Simpson are in civil contempt of Court for failing to appear.

18. The "failure to appear" civil contempt may be remedied by Ernesto Simpson by appearing in Court at a hearing scheduled through the Court's Case Manager. He must contact the Court's Case manager, by email, to arrange a date and time for his appearance. The Case Manager will schedule a hearing to occur within 3 business days of the date that the Case Manager is contacted by email. Notice of the hearing date and time will be sent to Mr. Simpson by return email. Mr. Simpson must then attend the scheduled hearing in person. Personal attendance is required. Video and audio appearances will not be permitted.

19. The "failure to appear" civil contempt may be remedied by James Anderson by appearing in Court at a hearing scheduled through the Court's Case Manager. He must contact the Court's Case manager, by email, to arrange a date and time for his appearance. The Case Manager will schedule a hearing to occur within 3 business days of the date that the Case Manager is contacted by email. Notice of the hearing date and

time will be sent to Mr. Simpson by return email. Mr. Simpson must then attend the scheduled hearing in person. Personal attendance is required. Video and audio appearances will not be permitted.

### Order to United States Marshal

20. The United States Marshal is ordered to bring Ernesto Simpson before the Court with all deliberate speed. He will be released when he has satisfied the conditions of both the "failure to appear" civil contempt and the "fraud on the Court" civil contempt as set forth in paragraphs 11 and 18.

21. The United States Marshal is ordered to bring James Anderson before the Court with all deliberate speed. He will be released when he has satisfied the conditions of both the "failure to appear" civil contempt and the "fraud on the Court" civil contempt as set forth in paragraphs 11 and 19.

SIGNED 08/07/2025

Marvin Isgur
United States Bankruptcy Judge

EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **OUT OF DISTRICT DEBTOR** |
| **ELIZABETH THOMAS,** | § § § | |
| Debtor. | § § | |
| **ERNESTO SIMPSON,** | § § | |
| Plaintiff, | § § § | |
| VS. | § § | **ADVERSARY NO. 25-3609** |
| **P.C.F. PROPERTIES IN TX, LLC[3],** | § § § | |
| Defendant. | § | |

## MOTION FOR DISMISSAL WITH PREJUDICE AGAINST REFILING

My name is Ernesto Simpson. On August 3, 2025, attorney James Anderson filed the Notice of Removal of this case from the Harris County Courts to this Court. Mr. Anderson was acting on my behalf when he filed that Notice of Removal and the Amended Notice of Removal.

I understand that the entire state Court lawsuit is now pending before this Court.

I have been informed that the Court has vacated the judgments, orders and decrees previously entered by the state court that were admitted as Exhibits 7-6 and 7-8 at a hearing on August 7, 2025. He has also stricken the Rule 11 Agreement that was admitted as Exhibit 7-7.

I now move to dismiss this case, with prejudice against refiling. I understand that the Court has advised that the dismissal of this case may leave me subject to sanctions, civil and criminal penalties.

_____     _____
Ernesto Simpson                                                Date signed

_____     _____
James Anderson                                                  Date signed

---

[3] The Plaintiff alleges that the proper defendant is a Colorado entity bearing a similar name. The true defendant is the defendant listed in the style of the case. The Court orders that all filings in this case now reflect the name of the true defendant-in-fact, "P.C.F. Properties in TX, LLC."

5 / 5